IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHRISTINE HENDERSON, | Civ. No. **6:24-cv-01690-AA** |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| MATT KAISER, | |
| Defendant. | |

AIKEN, District Judge.

Self-represented Plaintiff Christine Henderson seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 1. The Court finds that it has no jurisdiction over Plaintiff's claims and that this case must be dismissed. For that reason, as more fully explained below, Plaintiff's IFP Petition, ECF No. 1, is DENIED. Plaintiff's motion to appoint *pro bono* counsel, ECF No. 5, is DENIED. The Complaint, ECF No. 3, is DISMISSED without service on Defendant and without leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

Page 1 –OPINION & ORDER

associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Over the years, Plaintiff has filed more than a dozen lawsuits related to the death of a family member, Patrick.[1] So far, none have been successful. The Court has routinely dismissed Plaintiff's cases because it lacks jurisdiction over Plaintiff's claims, and/or because Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). This case presents no exception.

## I. Plaintiff's Allegations

Plaintiff alleges a "medical malpractice complaint" against Defendant, Doctor Kaiser, relating to the medical care Defendant provided to Plaintiff's brother, Patrick Henderson, including that Defendant's negligent care was the cause of Patrick Henderson's death. Compl., ECF No. 3. Plaintiff is a resident of Eugene in Lane County, Oregon. *Id.* at 2. Plaintiff further alleges that Defendant is a resident of

---

[1] In the last six months alone, Plaintiff has filed at least three other actions: Henderson v. Howard-Schwan, 24-1755; Henderson v. Jeske, 24-1741, and Henderson v. Ellis, 24-1756. All generally relate to the same set of allegations which the Court has dismissed many times over.

Page 3 –OPINION & ORDER

Eugene in Lane County, Oregon. *Id*. According to the Complaint, all events and medical care at issue occurred in Lane County, Oregon. *Id*. at 1.

From those allegations, the Court finds that this wrongful death case has not been filed by the Estate of the decedent or by a Personal Representative acting on the Estate's behalf. Nowhere in the seventeen-page Complaint nor the 224 pages of supporting exhibits is it indicated that a probate matter has been set up for the decedent Patrick Henderson or that Plaintiff Christine Henderson has authority to act as the Personal Representative of the Estate. Further, Plaintiff is bringing this wrongful death case as a self-represented litigant who is not an admitted attorney.

## II. Standing

The Ninth Circuit has held that, although a non-attorney litigant may represent himself or herself *pro se* in a civil matter in court, "that privilege is personal to him" and does not entitle the non-attorney to represent others in legal matters. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). This rule has broad application and even includes most lawsuits in which parents attempt to assert claims on behalf of their minor children. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). As a result, all claims asserted by Plaintiff on behalf of Patrick are dismissed without prejudice, but without leave to amend.

## III. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Under "federal question:

jurisdiction, a district court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under "diversity" jurisdiction, a district court has jurisdictions over cases (1) where the matter in controversy exceeds the value of $75,000 and (2) there is complete diversity of the parties, meaning that the plaintiffs and the defendants are not citizens of the same state. 28 U.S.C. § 1332(a).

Here, Plaintiff's Complaint fails to provide any actual federal basis for her claims. Plaintiff's allegations—namely, that Dr. Kaiser's medical negligence resulted in the death of a patient—are purely tort claims arising under state law. Oregon law governs medical negligence and wrongful death actions, which are well-established as state law claims, and the federal courts do not recognize jurisdiction over them in the absence of a valid federal question. *See, e.g.*, ORS 30.020 (Action for Wrongful Death).

The Court finds that Plaintiff's claims are state law tort claims that fall squarely outside federal jurisdiction. Plaintiff has failed to plead any legitimate basis for federal subject matter jurisdiction over these claims—nor could she, given the state-based nature of her allegations. Consequently, Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is GRANTED.

## IV.    Dismissal

For the reasons set forth above, each claim of the Complaint is dismissed. Plaintiff, *a pro se* litigant, cannot lawfully represent her brother's estate in a wrongful death claim. Courts nationwide have consistently held that a *pro se* plaintiff may

only represent themselves, not other individuals or entities, including estates of deceased individuals. In the absence of complete diversity or a federal question, this Court lacks subject matter jurisdiction to consider Plaintiff's claims against Defendant. None of these deficiencies can be cured by amendment and so dismissal shall be without prejudice, but without further leave to amend.

V.      **Failure to Respond to Motion to Dismiss**

Defendant notes that Plaintiff failed to timely respond to the motion to dismiss. The Court notes that it received a letter in chambers from Plaintiff saying she did not need to respond to the motion to dismiss because the Court had not yet granted her IFP petition. Because the Court has discretion and pre-screening duties under the IFP statute, and because it finds it lacks subject matter jurisdiction, it dismisses on that basis, rather than Plaintiff's lack of response to the motion to dismiss.

## CONCLUSION

The Court finds that it has no jurisdiction over Plaintiff's claims and that this case must be dismissed. Plaintiff's IFP Petition, ECF No. 1, is DENIED. Plaintiff's motion to appoint *pro bono* counsel, ECF No. 5, is DENIED. The Complaint, ECF No. 3, is DISMISSED without service on Defendant and without leave to amend.

It is so ORDERED and DATED this ___31st___ day of January 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge